[Cite as *Berry v. Ivy*, 2011-Ohio-3073.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96093

## GAREY S. BERRY

### PLAINTIFF-APPELLEE

vs.

## DEBBIE IVY

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cleveland Municipal Court
Case No. 10 CVI 003822

**BEFORE:** Blackmon, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**      June 23, 2011

**ATTORNEY FOR APPELLANT**

Charles A. Bakula
30285 Bruce Industrial Parkway
Suite C-2nd Floor
Solon, Ohio 44139


**APPELLEE PRO SE**

Garey S. Berry
421 East 222nd Street, #D-23
Euclid, Ohio 44123


PATRICIA ANN BLACKMON, P.J.:

{¶ 1}  Appellant Debbie Ivy ("Ivy") appeals the trial court's award of $1,900, plus interest in favor of appellee Garey S. Berry ("Berry") and assigns the following error for our review:

> **"The trial court erred when it rendered the judgment to the appellee contrary to the evidence presented."**

{¶ 2}  Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

### Facts

**{¶ 3}** No transcript of the proceedings below was filed. Thus, we rely on the facts of the case as recited in the magistrate's opinion.

**{¶ 4}** In August 2006, Ivy hired Berry to perform repair and installation work in the basement of her house. According to Berry, after he started the work, Ivy requested that he perform additional work on the property. The work was completed in November 2006, and Berry billed Ivy $3,225. Ivy paid Berry $1,325, leaving a balance of $1,900. Berry sent several letters to Ivy requesting payment of the balance. Ivy did not respond to the letters; therefore, Berry placed a lien on Ivy's property and filed a claim for the balance in Cleveland's small claims court.

**{¶ 5}** The conclusions of law set forth in the magistrate's opinion indicate that there was no written contract between the parties. As to the work performed in the basement, the magistrate found that Berry billed Ivy $1,725 and that Ivy paid $1,325 of the bill. The magistrate also indicated that Ivy did not testify that she was dissatisfied with the work conducted in the basement or that anyone else specifically performed those repairs. Therefore, the magistrate concluded that Ivy owed Berry the balance of $400 for the basement repairs.

**{¶ 6}** Berry claimed to have performed additional work for Ivy, which included installing light fixtures on the exterior and interior of the house, painting, installing electric lines to several rooms, sewer snake and clean out,

gutter cleaning, and power washing. The bill for these additional services totaled $1,500. At the hearing, Berry presented his itemized bill and photographs of the work performed. In spite of this evidence, Ivy testified that Berry only did the basement project. In support of her contention, she presented letters and invoices from other contractors stating that they had performed work in her house from the year 2006 to 2007.

{¶ 7} The magistrate concluded that the letters Ivy submitted were vague as to what services the other contractors allegedly performed and for the most part did not show any overlap with the services provided by Berry. Some of the services admittedly did overlap, such as gutter cleaning and power washing, but the magistrate concluded these were services that would be performed annually. Moreover, Berry submitted thank you letters from Ivy that indicated they had an ongoing work relationship that extended beyond the basement project. Based upon the evidence, the magistrate concluded Ivy owed Berry $1,900 ($400 for the basement project and $1,500 for the additional work) and awarded interest of 4% per annum from the date of the judgment.

{¶ 8} Ivy filed objections to the magistrate's report claiming Berry was only hired to perform work in the basement, which she paid him for in installments as each project was completed. She also contended the letters she presented at the hearing supported her claim that other contractors

performed the work for which Berry was billing her. She also claimed Berry's undated letters requesting payment and photographs did not substantiate his claim. The trial court confirmed the magistrate's decision and ordered Ivy to pay Berry $1,900, with 4% interest from the date of judgment.

## Manifest Weight of the   Evidence

{¶ 9}  In her sole assigned error, Ivy argues the trial court's judgment was against the manifest weight of the evidence.

{¶ 10} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at syllabus. The civil manifest weight of the evidence standard "affords more deference to the fact-finder" than is afforded in criminal cases. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶26. The civil standard "tends to merge the concepts of weight and sufficiency." Id. In determining whether a civil judgment is against the manifest weight of the evidence, an appellate court does not reweigh the evidence.  Id.

{¶ 11} As we stated above, Ivy failed to file a transcript of the hearing held before the magistrate. "Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof

are necessary for the determination of the appeal, are filed with the court in which he seeks review." *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19, 520, N.E.2d 564. (Citations omitted.) The appellant bears the burden of showing error by reference to matters in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, citing *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355.

{¶ 12} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Id. This principle is recognized in App.R. 9(B), which requires the appellant to include in the appellate record a transcript of all evidence relevant to the findings or conclusion if the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence. Thus, because we have no transcript to review, we cannot review Ivy's contentions that 1) the photographs of the work performed by Berry were not valid; 2) Berry was only hired to perform work in the basement; 3) outlets were purchased from and installed by Best Buy; 4) the thank you notes from Ivy to Berry only applied to the basement work; 5) Berry's progress on the job was slow and their professional relationship deteriorated; 6) Ivy's claim that she never received the letters from Berry

requesting payment and that she was not aware of the lien on her house until she sought to refinance; and 7) her claim she paid Berry in full for the repairs to the basement. All of these claims require a review of the testimony presented at the hearing.

{¶ 13} Ivy did provide us with the exhibits from the hearing, including the invoice from Berry and the invoices and letters from the other contractors hired by Ivy. Therefore, we are able to address Ivy's argument that the magistrate erred in concluding the other contractor's invoices and letters did not contradict Berry's itemized billing statement. Our review of the exhibits, even without the benefit of any testimony, indicates that the magistrate correctly concluded that Berry's itemized billing statement from December 17, 2006 is not contradicted by the invoices from the other contractors.

{¶ 14} For example, although the other contractors also performed electrical work for Ivy, none of the invoices and letters specifically stated that they ran lines to the computer or installed plugs in the office and bedroom. Additionally, although other contractors did install lighting, Berry charged for changing the light fixtures not installing them. Berry also snaked out specific sewer lines that were not listed by the other contractors. For example, Berry snaked out the main service line and sewer line to the street. The other contractors only snaked out window wells and laundry and bathroom drains. Therefore, we agree with the magistrate's conclusion that

the invoices from the other contractors did not contradict Berry's itemized statement.

{¶ 15} Thus, based on the limited record before us, we conclude the trial court's judgment is not against the manifest weight of the evidence and is supported by competent, credible evidence. Accordingly, Ivy's sole assigned error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR